# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5886 | **DATE** | 1/2/2004 |
| **CASE TITLE** | CHARLES MONTGOMERY vs. JO ANNE B. BARNHART | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for summary judgment [8-1] is granted in part. This case is remanded to the Social Security Administration for further findings. Defendant's motion for summary judgment [9-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JAN 05 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 1/2/2004 date mailed notice | |
| CB | courtroom deputy's initials | '04 JAN -3 AM 5:03 | PW | |
| | | (Date/time received in central Clerk's Office) | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 5886 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | | |

DOCKETED
JAN 0 5 2004

## MEMORANDUM OPINION AND ORDER

Charles Montgomery ("Montgomery") seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income pursuant to Title II of the Social Security Act ("the Act"), 42 U.S.C. § 405(g). The parties move for summary judgment pursuant to Fed. R. Civ. P. 56.

## PROCEDURAL BACKGROUND

Montgomery filed an application for supplemental security income on August 21, 2000, alleging disability since May 13, 1998. The Commissioner denied his claim and Montgomery timely requested a hearing before an administrative law judge ("ALJ"). On January 15, 2002, the ALJ held a hearing; Montgomery and vocational expert Stanley Hunton testified. The ALJ found Montgomery was not disabled and denied his application. The Appeals Council declined to review the case, rendering the ALJ's decision final. 20 C.F.R. § 404.955. Montgomery now seeks judicial review.

1

## STATEMENT OF FACTS

At the time of the hearing, Montgomery was 46 years old. He suffers from an affective bipolar disorder and schizophrenia. Although Montgomery completed 11th grade and is literate in English, he has not worked in the past 15 years.

Montgomery was intermittently incarcerated from 1994 through January 2000. According to prison records dated June 22, 1999, Montgomery admitted to daily alcohol and drug use, but denied having a problem.

In February 2000, Montgomery presented himself to a crisis center and complained that he had been given marijuana laced with cocaine. Montgomery informed the crisis center that he was hearing voices. He was admitted to Madden Mental Health Hospital. Approximately one month later, Montgomery returned to prison for a parole violation. Shortly thereafter, he was diagnosed with bipolar illness, mixed phase, substance abuse, history of alcohol abuse, a dependent personality and "[p]sychosocial stressors - [p]roblems in coping[,] [p]roblems in [c]lose [r]elationships." R. 397.

Approximately one month after his release from prison in August 2000, Dr. Diane Washington performed a psychiatric evaluation on Montgomery for the purpose of determining eligibility for disability benefits. Dr. Washington reported that Montgomery smelled of alcohol. According to Dr. Washington, Montgomery admitted a history of cocaine abuse, including discharge from a substance abuse treatment program in February 2000, but denied current substance abuse. Based on her evaluation, Dr. Washington diagnosed Montgomery with manic depressive disorder with a fair prognosis.

On April 5, 2001, Montgomery underwent another mental health assessment. He reported that he started drinking at age 15 and had consumed a beer the morning of the assessment. The examination showed evidence of memory impairment, restricted affect and manic mood. There was evidence of poor judgment and impulse control. Montgomery was diagnosed with bipolar disorder and a history of alcohol abuse. Progress notes dated May 7 and June 4, 2001 indicate that Montgomery smelled of alcohol, had symptoms of mood swings and was not taking his prescribed medications. On October 18, 2001, December 3, 2001 and January 7, 2002, Montgomery smelled of alcohol.

According to the ALJ, Montgomery would have the residual functional capacity to perform unskilled work if he stopped abusing drugs and alcohol. R. 20-21. Therefore, the ALJ found Montgomery not disabled.

## DISCUSSION

### I. Standard of Review

Judicial review of the Commissioner's final decision is limited. The role of the reviewing court is to determine whether substantial evidence in the record as a whole supports the Commissioner's decision to deny benefits. *Wolfe v. Shalala*, 997 F.2d 321, 322 (7th Cir. 1993). "The findings of the Secretary, as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court must affirm the Commissioner's decision if the decision is reasonably drawn from the record and is supported by substantial evidence, even if some evidence may also support the claimant's position. 42 U.S.C. § 405(g). "Because the Commissioner is responsible for

3

weighing the evidence, resolving conflicts and making independent findings of fact, this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled." *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000)(internal citations omitted). The substantive standards for supplemental security income are the same as those for disability benefits. *Donahue v. Barnhart*, 279 F.3d 441, 443 (7th Cir. 2002).

## II. Disability Under the Social Security Act

To qualify for disability benefits under the Act, a claimant must be disabled within the meaning of the statute. The Act defines a disabled person as one who is unable to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To meet this definition, a claimant must have a severe impairment that makes him unable to perform his "previous work or any substantial gainful activity which exists in the national economy." 20 C.F.R. § 404.1505. A physical or mental impairment is "an impairment that results from anatomical, physiological abnormalities which are demonstrable by medically acceptable clinical laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Act requires the factfinder to follow a five-step process to determine whether a claimant is disabled: (1) whether the claimant is currently employed; (2) whether he has a severe impairment; (3) whether his impairment meets or equals one listed by the Commissioner; (4) whether the claimant can perform his past work; and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). Once the claimant

4

has satisfied steps one and two, he will automatically be found disabled if he suffers from a listed impairment (step three). If a claimant satisfies steps one and two but not step three, the claimant must establish step four. If step four is satisfied, the burden shifts to the Commissioner to satisfy step five. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). The ALJ found Montgomery not disabled on step five. R. 19.

### III. The ALJ's Decision

The ALJ determined that Montgomery would have the residual functional capacity to perform unskilled work if he stopped abusing drugs and alcohol. Under 42 U.S.C. § 423(d)(2)(C), "an individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." In making this determination, the Social Security Administration considers which "current physical and mental limitations . . . would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the] remaining limitations would be disabling." 20 C.F.R. § 416.935(b)(2). Montgomery argues the ALJ's finding regarding his residual functional capacity based on his alleged substance abuse problem is not supported by substantial evidence.

Residual functional capacity is a measure of what an individual can do despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). According to the ALJ:

> [w]hen the claimants substance use related limitations are set aside, he has no mental limitations that would preclude the performance of unskilled work existing in significant numbers in the national economy. Thus, it appears that all of the claimants mental limitations are related to substance use, and if he stopped abusing alcohol, and drugs, he would not be disabled which is a material factor in the determination of disability.

5

R. 20. However, the ALJ fails to identify any evidence in the medical records that led him to his conclusion. *See Clifford*, 227 F.3d at 872 ("ALJ must build an accurate and logical bridge from the evidence to his conclusions"). Specifically, the ALJ does not discuss which of Montgomery's mental limitations are connected to his drug and/or alcohol abuse. Apparently recognizing this problem, the Commissioner argues that the ALJ reasonably linked Montgomery's lack of symptoms in prison to his forced abstinence. This reasoning does not appear in the ALJ's opinion. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003)("general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ"). In any event, the record does not reveal whether Montgomery abstained from alcohol while in prison. *See Block v. Rutherford*, 468 U.S. 576, 588-89 (1984)(substance abuse has long been recognized as pervasive in detention centers).

Moreover, the ALJ cannot substitute his judgment for that of a doctor by independently evaluating the medical evidence. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). Rather, the ALJ is required to summon an expert to evaluate and interpret the evidence. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000). *See also Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir. 1986)("Neither the Appeals Council nor this court is qualified to make [a] medical judgment about residual functional capacity based solely on bare medical findings"). There is no medical evidence in the record linking Montgomery's mental limitations to his alleged drug and alcohol problem. To the contrary, Montgomery admitted his drug and alcohol use to several mental health treatment providers, but not one connects his mental limitations with his drug and/or alcohol use. Indeed, the medical experts may attribute Montgomery's lack of symptoms in prison to the removal of

"[p]sychosocial stressors - [p]roblems in coping[,] [p]roblems in [c]lose [r]elationships," which may or may not be consistent with his global assessment of functioning score of 45. *See Young v. Sec. of Health and Human Services*, 957 F.2d 386, 393 (7th Cir. 1992)("within reasonable limits, the reasons for rejecting evidence must be articulated if there is to be meaningful . . . review"). Based on this record, remand is appropriate. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)(remand appropriate where additional factual findings are necessary to determine benefits eligibility).

## CONCLUSION

The ALJ's residual functional capacity finding is not supported by substantial evidence. Therefore, this case is remanded to the Social Security Administration for further findings.

January 2, 2004

ENTER:

Suzanne B. Conlon
United States District Judge